[No. 6082.]

THE WASHINGTON GOLD MINING COMPANY v. O'LAUGHLIN.

1. **Mining Claims—Location — Amended Certificate — A** certificate of location cannot be amended so as to extend to territory not described in the original, as to which the rights of third parties have intervened.—(504)

2. **Location—Certificate—Time of Filing—A** certificate of location takes precedence of another filed at a later hour on the same day, though the latter is within the statutory period, and the former is not.—(505)

3. **Time—Fractions of a Day** are to be considered in ascertaining the relative priority of conflicting mining locations. The question is for the court, and is not to be left to the jury.—(505)

4. **Trials—Questions for Court or Jury—**Of conflicting mining locations, that which is first filed, though only for a fraction of a day, is to be preferred, and the question is for the court. —(505)

5. **Evidence—Conversations — A** conversation may affect all present, though what is said is said by one only.—(505, 506)

6. **Evidence—Admissions—An** admission by the locator of a mining claim that he has failed to perform the annual labor required by the statute, affects his subsequent grantee.—(506)

7. **Appeals—Harmless Error—It** is not to be said that the exclusion of relevant testimony from an indifferent witness is harmless because one interested in the result has testified to the same matter.—(506)

*Appeal from Saguache District Court*—Hon. CHARLES C. HOLBROOK, Judge.

Mr. J. C. WILEY, for appellant.

Mr. ALBERT L. MOSES, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action in support of an adverse claim. Plaintiff's Little Jonnie lode conflicts with defendant's Evening Star No. 2 and Silver Moon, and her McBrein with defendant's Bachelor lode. The judgment on the verdict was for plaintiff. As we read the record the judgment is wrong. The location certificates of both of plaintiff's lodes are insufficient under the law, and are void. Plaintiff's own surveyor testified that it would be impossible therefrom to identify or designate the claims on the ground. Amended location certificates to cure the defects of the originals were subsequently made and filed by plaintiff's grantor, but not until after the rights of defendant's grantors by the location of their own lodes attached. If the law be that a totally void location certificate may be subsequently amended if the boundary lines of the location are not changed, even though the rights of third parties have intervened, it is not the law, and has not been so declared, that such amended certificate may include other, or different, territory and, as to that, injuriously affect such intervening rights. The evidence was that her amended location certificates include territory not described in the originals, but which is covered by defendant's locations.

Plaintiff's Little Jonnie is subsequent in time of location to defendant's Evening Star No. 2. The location certificate of the latter was first filed in Rio

Grande county, in which it was then supposed these claims were situated. It was judicially determined by our supreme court that the area in conflict was in Saguache county. Defendant's grantor then filed the location certificate in Saguache county, but not within the time fixed by statute therefor. In no other respect is it asserted that the Evening Star was not a valid location, if its territory was subject to appropriation. Though the location certificate of the Evening Star No. 2 was not filed in Saguache county within the statutory time and not until after some of the statutory acts of locating the Little Jonnie had been taken, it was filed in that county on the same day that the certificate of the Little Jonnie was filed, and three hours earlier. While, generally speaking, fractions of a day are not taken into consideration in computing time, yet where, as in this case, the relative priority of conflicting mining locations depends upon the exact hour of the day of filing of their location certificates, fractions of a day are taken into account. The rule invoked does not apply to a case like this. The court in its instructions, therefore, instead of submitting it to the jury as a question of fact, as it did, should have told the jury as matter of law that the filing of the location certificate of the Evening Star, though not within the statutory time, yet, in advance of the filing of that of the Little Jonnie, so far as that particular step in locating a mining claim is concerned constitutes the Evening Star a prior location.

The defendant, in its answer, pleaded an abandonment of plaintiff's claims by the original locator and failure to do the annual statutory assessment work for certain years. There was testimony in support of both defenses. The defendant also called as a witness a Mr. Conley and offered to prove by him that in a certain conversation with Ed. Crane, the

locator of defendant's claims, Mr. O'Laughlin, made statements and admissions tending strongly to prove abandonment and non-performance of annual labor. Upon plaintiff's objection the court refused to receive the proffered testimony, and this ruling is assigned as error, which we think is a good assignment. The ruling is sought to be upheld by plaintiff's counsel upon the theory that the offer did not purport to show, as was claimed by defendant, that the original locator took any part in the conversation which it was claimed, if reproduced in evidence, would tend to prove these issues.

The argument is technical. The offer was to prove a conversation between two men. What was then said might bind or affect both, even though one did all, or most of, the talking. But if the offer should, in the one aspect, and in the one part, be considered thus defective, it included an offer to show that the witness would testify to the same facts concerning the alleged admissions and statements of the original locator, which were testified to by Mr. Crane, another of defendant's witnesses. Turning to Crane's testimony, it appears that he said that the original locator had admitted to him that the assessment work on his claims had not been done and he was going to leave them to work on other claims, and that he had been there long enough, neglecting the others. The court admitted Crane's testimony upon the issues—rightly so—and should have permitted the witness Conley to testify to the same effect. We cannot say that the record affirmatively shows that the rejection of defendant's offer of proof was not prejudicial. It may be that the jury would have given Conley's testimony, if admitted, more weight than it did that of Crane, who was one of defendant's stockholders, and might have regarded it as decisive of the issue to which it was relevant.

Other questions are argued, but as they may not arise at another trial, we shall not decide them. For the reasons given the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

Opinion announced October 4, A. D. 1909; rehearing denied December 6, A. D. 1909.